Docket Nos. 17-60061, 17-60062

# United States Court Of Appeals
# For The Ninth Circuit

ALLANA BARONI

*Plaintiff, Appellant, and Cross-Appellee,*

vs.

WELLS FARGO BANK, N.A., AS TRUSTEE, ETC.

*Defendant, Appellee, and Cross-Appellant.*

*Appeal from Bankruptcy Appellate Panel for the Ninth Circuit, Case Nos. CC 16-1345, CC 16-1383*

# RESPONSE TO SECOND MOTION FOR AN EXTENSION OF TIME

Jan T. Chilton (State Bar No. 47582)
Mary Kate Sullivan (State Bar No. 180203)
Bernard J. Kornberg (State Bar No. 252006)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Email: bjk@severson.com

Attorneys for Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17

Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 ("Wells Fargo") hereby responds to the motion of Allana Baroni ("Debtor") for an extension of time to file her opening brief as follows.

This appeal and cross appeal were filed on September 7, 2017. [Dkt. #1.] Since that time, the briefing schedule was continued twice by the meditator to March 8, 2018. [Dkt. # 12, 14.] On March 8, Debtor took her streamlined extension of time to extend the opening brief to April 6. [Dkt. # 15, 16.]

On April 6, the day the brief was due, Debtor filed a written motion for an extension of time and stated that the reason she did not comply with Circuit Rule 31-2.2(b) is that "I did not move for this extension earlier because I did not receive permission from my client until today. For the same reason, I did not have time to contact appellees' counsel to ask him for his position on an extension." [Dkt. #18.] Based on this representation, the Court extended the time for Debtor to file her opening brief to May 7, 2018. [Dkt. 18.]

Debtor has now, for the second time, filed a written motion for an extension of time on the date her brief is due. Debtor again seeks a 30 day continuance of time to file her opening brief. Debtor has again failed to comply with Circuit Rule 31-2.2(b) by not filing her motion seven days before the due date of the brief and by not contacting counsel for Wells Fargo to request its position on the issue.

Debtor again makes the exact same excuse as to why – "I did not move for this extension earlier because I did not receive permission from my client until Friday, May 4, 2018. For the same reason, I did not have time to contact appellees' counsel to ask him for his position on an extension." [Dkt. #19.]

Wells Fargo submits that a counsel's failure to timely receive permission from his client is not a valid excuse for ignoring this Court's rules regarding the seeking of written extension, especially in cases where Debtor has received four prior extensions of the time to file his opening brief.  With that being said, given that Debtor's counsel represents that he requires the extension to attend to his wife's health, Wells Fargo does not oppose one final extension.  However, because this extension will likely imperil this appeal being resolved in the normal timeframe for this Court, especially if Wells Fargo takes the one streamlined extension it is entitled to, Wells Fargo requests that the Court further order that this will be the last extension Debtor is entitled to in this appeal.

DATED: May 8, 2018					SEVERSON & WERSON
							A Professional Corporation


							By: _____/s/ Bernard J. Kornberg_____
								Bernard J. Kornberg

							Attorneys for Wells Fargo Bank, N.A. As
							Trustee For Structured Adjustable Rate
							Mortgage Loan Trust Mortgage Pass-Through
							Certificates, Series 2005-17

| 9th Circuit Case Number(s) | 17-60061, 17-60062 |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system on May 8, 2018. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| Signature | /s/ Bernard J. Kornberg |